# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENEDICT MBONG, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-10-0423-HE |
| ) | |
| (1) JPMORGAN CHASE BANK, N.A., ) | |
| (2) THE CITY OF NORMAN, and ) | |
| (3) NEWSPAPER HOLDINGS, INC. ) | |
| d/b/a/ THE NORMAN TRANSCRIPT ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Benedict Mbong filed this case against JPMorgan Chase Bank, N.A. ("Chase Bank"), the City of Norman (the "City"), and Newspaper Holdings (the "Norman Transcript"), alleging various claims. After the City filed a motion to dismiss, Mbong filed an amended complaint. The amended complaint asserts only two claims against the City: for defamation and common law negligence. The City has again moved to dismiss the claims against it, asserting the complaint fails to state a claim upon which relief can be granted.

## BACKGROUND

The amended complaint alleges that Mbong is a customer of Chase Bank and that he made deposits at the bank, via an automatic teller machine, on September 22, 2009. He alleges the bank photographed him while making deposits and that it later disclosed the photographs to the Norman Police Department. He alleges that, on October 6, 2009, the Norman Transcript published his photo with an article and the caption "Police seek allege

(sic) thief."[1] Although the amended complaint is not altogether clear, it appears to allege the photo was turned over by Chase Bank to the police (and by the police to the newspaper) in connection with the police's investigation of the theft of an ATM card from a woman's purse in her car on September 22, 2009. The complaint indicates Mbong was not in fact involved in any theft and that he suffered various consequences as a result of the defendants' actions. It also states the City confirmed, by an October 9, 2009, letter, that Mbong was not a suspect.[2]

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering whether the plaintiff's claims should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010) (citation omitted). A claim will be dismissed if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face." Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007) (internal quotations omitted). "'[T]he mere metaphysical possibility that some plaintiff could prove

---

[1]*The picture is attached to the complaint as an exhibit, but the exhibit shows no caption as indicated.*

[2]*Oddly, Mbong characterizes his complaint as saying the City "failed to take any remedial action," Response Brief [Doc. #15], while at the same time alleging that on October 9, three days after the publication by the newspaper, the City provided a letter stating Mbong was not a suspect in the crime. Mbong objects to the letter's reference to him as formerly being a "material witness" but, in any event, it is difficult to square the letter with Mbong's general assertion of no "remedial action."*

2

some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.'" Id. (quoting Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)).

**DISCUSSION**

The court's determination of the present motion has been complicated both by the largely conclusory nature of Mbong's allegations[3] and by the somewhat superficial treatment of the issues in the parties' briefs. However, it appears the City is essentially arguing that Mbong cannot maintain a defamation claim because, on one theory or another, Oklahoma law precludes the possibility of a successful claim against the City. It also argues that Mbong's negligence claim is simply a different formulation of the same facts as support his defamation claim and therefore does not constitute an independent basis for claim.

To the extent the complaint alleges a city employee to have made an unintentionally false representation as to Mbong, it fails to state a basis for claim against the city. Under Oklahoma's Governmental Tort Claims Act ("GTCA"), a political subdivision may not be held liable for unintentional misrepresentations made by its employees. 51 Okla. Stat. § 155(17) (GTCA exception for an employee's "[m]isrepresentation, if unintentional"). *See* Tanique, Inc. v. Oklahoma Bureau of Narcotics and Dangerous Drugs, 99 P.3d 1209, 1217

---

[3]*For example, the amended complaint offers nothing as to who, on the part of the City, took the actions plaintiff complained of. Any meaningful analysis of whether a particular action was within a city employee's scope of employment is difficult if the employee is not identified by position or otherwise. However, defendant raises no objection to the conclusory nature of the complaint and relies instead on somewhat hypothetical arguments as to what plaintiff may be alleging.*

(Okla. Civ. App. 2004) (unintentional misrepresentation by a state employee to the local press not a basis for defamation claim against the state due to § 155(17) exception).[4] Consequently, to the extent that Mbong's defamation claim rests on unintentional misrepresentations made by a city employee, it fails to state a basis for claim.

The City further argues that any allegation of intentional misrepresentation by a municipal employee cannot be a basis for claim, since an intentional misrepresentation would necessarily be outside the employee's scope of employment. The GTCA provides, in part, that a political subdivision cannot be liable for an employee's actions if they were done outside the scope of his employment, 51 Okla. Stat. § 153(A), and which defines "scope of employment" as the "performance by an employee acting in good faith within the duties of the employee's office . . . ." Id. § 152(12). The Oklahoma Supreme Court, in Fehring v. State Insurance Fund, 19 P.3d 276, 283-84 (Okla. 2001), concluded that a municipality cannot be liable for an employee's tort where the tort cause of action includes an element that is necessarily inconsistent with good faith conduct on the part of the employee.

While the court ultimately concludes the amended complaint does not state a basis for municipal liability here, it does so based on a rationale less sweeping than that offered by the City. The broad proposition urged here by the City — that an intentional misrepresentation

---

[4]*Plaintiff cites to Bird Construction Co., v. Oklahoma City Housing Authority, 110 P.3d 560, 565 n. 1 (Okla. Civ. App. 2004) as suggesting § 155(17) may not necessarily preclude a successful defamation claim in circumstances such as these. However, the court's comments in that case were clearly dicta (any potential defense having been waived) as well as equivocal. While Tanique is not a decision by Oklahoma's highest appellate court, it is the closest expression by an Oklahoma court on the question of §155(17)'s reach and is a plausible reading of the statutory language.*

4

by an employee is necessarily outside the scope of his/her employment — goes too far for at least two reasons. First, the rule in Fehring applies where an element of plaintiff's claim is necessarily inconsistent with the employee's good faith. Here, where a defamation claim is brought on behalf of a non-public figure, there is no element of malice or other mental state such as would be inconsistent with good faith.[5] Hence the rule does not literally apply. Second, while an intentional misrepresentation by an employee will often also be malicious or in bad faith, the two circumstances are not necessarily coextensive. Oklahoma law focuses on whether a required element of proof is necessarily inconsistent with good faith. Where "malice" is concerned, the necessary inconsistency is present. *See* Tuffy's, Inc. v. City of Oklahoma City, 212 P.3d 1158, 1165 (Okla. 2009) ("malice" necessary for malicious interference with a business); Fehring, 99 P.3d at 1217 (culpable conduct for false light invasion of privacy comparable to malice). There is nothing about "intentional" conduct that makes it necessarily inconsistent with good faith.

Nonetheless, given the impact of the GTCA, the court concludes the amended complaint fails to state a basis for a defamation claim against the City. While there may theoretically be circumstances in which a municipal employee might make an intentional misrepresentation and yet remain within the scope of his/her employment, there is nothing

---

[5]*Under Oklahoma law, a non-public figure asserting a defamation claim must establish (1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) damages or the actionability of the statement absent damage. See Tanique, 99 P.3d at 1217 (citing Mitchell v. Griffin Television, L.L.C., 60 P.3d 1058, 1061 (Okla. Civ. App. 2002)). There is no requirement that the statement be made with malice.*

5

in the allegations of this complaint to suggest such a circumstance. Plaintiff's conclusory allegations are insufficient to suggest any such thing. A plaintiff's complaint must do more than merely raise the possibility of a claim. It must allege the existence of a plausible one. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Insofar as plaintiff's claim for defamation is concerned, the amended complaint does not do so.

Plaintiff's effort to assert a negligence claim fares no better. He asserts such a claim against the City based on its alleged failure "to properly investigate the ATM usage at the bank prior to requesting photographs and by posting the photographs of Mbong with false criminal allegations." [Doc. #10, ¶ 53]. However, the only way the inadequate investigation is alleged to have impacted plaintiff is via the publication of the photograph that is the basis for his defamation claim. Plaintiff's negligence claim thus relies on the same set of operative facts as his defamation claim. Under Oklahoma law, a plaintiff "may not rely upon the same set of operative facts and recast [their] defamation claim as one sounding in negligence." Stewart v. KFOR-TV, No. Civ. 05-1103-C, 2006 WL 517656, at *2 (W.D. Okla. Mar. 2, 2006) (unpublished) (citing Jordan v. World Publ'g Co., 872 P.2d 946, 947-48 (Okla. Civ. App. 1994)). Accordingly, the complaint fails to state a basis for a separate claim sounding in negligence and must therefore be dismissed as to the purported negligence claim.

## CONCLUSION

For the reasons stated, the City's motion to dismiss [Doc. #12] is **GRANTED**. Plaintiff's claims against the City of Norman are **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 6th day of October, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE