# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENEDICT MBONG, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-10-0423-HE |
| ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff JPMorgan Chase Bank, N.A. ("Chase Bank") previously moved to dismiss plaintiff's amended complaint for failure to state a claim. The amended complaint purports to state a claim based on the federal Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq. ("RFPA") and asserts additional state law claims.

The amended complaint generally alleges that plaintiff Mbong is a customer of Chase Bank, that the bank photographed him making a deposit on September 22, 2009, via an automatic teller machine, and that the bank disclosed the photographs to the Norman police department. Although the amended complaint is not explicitly clear, it appears to allege the photo was turned over in connection with the police's investigation of the theft of an ATM card from a woman's purse on that date.

Chase Bank's motion initially focused on whether a claim was stated under the RFPA in light of the "law enforcement" exception found at 12 U.S.C. § 3403(c).[1] However, the

---

[1]*The motion also challenged whether the complaint stated a claim as to plaintiff's claims asserted under state law.*

court raised *sua sponte* the question of whether a claim was stated in light of the apparent absence of any involvement by federal authorities in the alleged circumstances and the potential impact of that circumstance on the subject matter jurisdiction of this court. Order, Nov. 4, 2010 [Doc. #29]. The court held a hearing directed to that issue and a supplemental brief was filed by Chase Bank.

It is clear that, in order to state a claim under the RFPA, a plaintiff must establish the disclosure of financial information to a "government authority." 12 U.S.C. § 3403. The RFPA defines "government authority" as "any agency or department of the United States, or any officer, employee, or agent thereof." Id. § 3401(3). *See* Sornberger v. First Midwest Bank, 278 F. Supp. 2d 935, 938 (C.D. Ill. 2002) (the RFPA "only applies to federal actors"); Nichols v. Council on Judicial Complaints, 615 P.2d 280, 281 (Okla. 1980) ("[T]he federal [RFPA] does not apply to state and local government agencies."). The amended complaint makes no reference to any federal agent or actor. Plaintiff conceded at the hearing that no federal actor was involved in the underlying events and that he had no basis for further amending his complaint to allege involvement by federal authorities. It is therefore clear that plaintiff has no claim under the RFPA,[2] which is the sole basis relied on by him for jurisdiction in this court.[3] The next question is what impact that determination should have

---

[2]*The fact that Chase Bank's motion to dismiss initially focused on aspects of the complaint other than the "government authority" issue is of no moment. A court may, sua sponte, dismiss for failure to state a claim where the basis is obvious. See* Jenkins v. Security Sav. Bank of Michigan, *28 F.3d 113, 1993 WL 669270, at \* 3 (10th Cir. June 20, 1994).*

[3]*Plaintiff relies on 28 U.S.C. § 1367 as a basis for supplemental jurisdiction over his related state claims, but for supplemental jurisdiction to apply there must first be a basis for original*

2

on further proceedings in the case.

      Chase Bank argues (and plaintiff generally concurs), based on the Supreme Court's decision in Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), that the failure of plaintiff to allege involvement by a "government authority" goes to the substantive merit of plaintiff's claim but does not impact the court's jurisdiction. Arbaugh applied what it termed a "readily administrable bright line"—based on whether Congress had explicitly described a particular requirement as jurisdictional—to determine whether that statutory requirement was in fact jurisdictional or merely an element of the substantive claim. In the circumstances involved in that case,[4] the Supreme Court concluded the requirement in question was not jurisdictional. There is support for Chase Bank's suggestion that Arbaugh's rationale should control the present dispute. *See* Meade v. City First Bank of DC, N.A. et al., 616 F. Supp. 2d 78, 80 (D.D.C. 2009) (concluding that failure to meet the "government authority" requirement of the RFPA does not impact the court's jurisdiction, citing Arbaugh.)

      This court, however, has considerable hesitation as to whether Arbaugh necessarily compels the conclusion urged by Chase Bank. Subsequent decisions of the Supreme Court have left the "bright line" rule of Arbaugh a little less bright and suggest a more fact specific analysis is necessary. *See* Reed Elsevier v. Muchnick, et al., 130 S. Ct. 1237, 1248 (2010) (indicating that whether a requirement is jurisdictional depends on analysis of different

---

*jurisdiction in this court.*

    [4]*Arbaugh involved the question of whether, for purposes of Title VII of the Civil Rights Act of 1964, the requirement that an "employer" be someone having "fifteen or more employees" was or was not jurisdictional.*

factors); Bowles v. Russell, 551 U.S. 205, 210 n. 2 (2007) (noting the context and historical treatment of a statute are relevant to whether a requirement is jurisdictional). Here, where the requirement at issue is arguably integral to the overall scope of the federal act (i.e. the RFPA, in its entirety, applies only to disclosures to federal authorities) rather than differentiating between some, but not all, otherwise covered entities or transactions (i.e. employers are generally subject to Title VII, but "employers" are only those having 15 or more employees) a different result may follow. Other factors might also impact the analysis.

The court concludes, however, that it is ultimately unnecessary to resolve the question of whether RFPA's "government authority" requirement is jurisdictional or not. As Arbaugh makes clear, a plaintiff relying on federal question jurisdiction must in any event assert a "colorable claim" arising under the Constitution or laws of the United States. Arbaugh, 546 U.S. at 513. A colorable claim is one that is not, among other things, "wholly insubstantial and frivolous." Id. at 513, n. 10 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). Here, plaintiff's amended complaint is totally silent as to any basis for concluding that a disclosure to federal authorities was involved and, indeed, all parties concede there was in fact no such involvement.[5] Legal conclusions or formulaic recitations will not suffice to state a claim. Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007).[6] Further, the complaint does not

---

[5]*This case is unlike those which involve factual disputes over (arguably) jurisdictional facts where the factual dispute is later resolved against the plaintiff.*

[6]*The question of whether a complaint states a claim per Twombly is not necessarily the same inquiry as whether a colorable claim is stated, but Twombly at least informs the analysis where, as here, the colorable claim question is otherwise close. See generally, Moss v. U. S. Secret Service, 572 F.3d 962, 974-75 (9th Cir. 2009), applying, in an unrelated context, the Twombly standard to*

4

allege a plausible basis for concluding that the "law enforcement" exception, upon which the parties originally focused, is inapplicable here.[7] In the circumstances existing here, the court concludes the amended complaint fails to state a colorable claim under the RFPA and hence does not provide a basis for this court's exercise of subject matter jurisdiction.

As indicated, the court views the "jurisdictional" or "non-jurisdictional" status of the "government authority" requirement as uncertain and the question of whether a colorable claim is stated as close. However, as it is quite clear that plaintiff does not have, as a matter of substantive sufficiency, a valid RFPA claim, the court has the discretion to dismiss the remaining claims in any event. Under 28 U.S.C. § 1367(c)(3), a court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" *See* U.S. v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002) ("[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial."). Here, that is the case. The purported RFPA claim is the only one plaintiff asserts as a basis for federal question jurisdiction. It has now been resolved against plaintiff, in advance of trial. While the parties have invested some time and effort in litigating in this court, the case is still at the pleading stage. The court therefore concludes, given the various considerations noted above, that it should decline to exercise supplemental

---

*a determination of whether a colorable claim was alleged.*

[7]*By itself, the failure to allege facts showing the inapplicability of the law enforcement exception does not establish the absence of a colorable claim.*

jurisdiction over the remaining state claims and that their resolution is most appropriate in state court. *See* Mead, 616 F. Supp. 2d at 81 (declining to exercise supplemental jurisdiction in similar context).

For the reasons stated, Chase Bank's motion to dismiss [Doc. #22] is **GRANTED** and the case is, in its entirety, **DISMISSED**. The dismissal is without prejudice to the case being re-filed in the appropriate state forum.

**IT IS SO ORDERED**.

Dated this 30th day of November, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE